UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI M. PIZZO and JAMES PIZZO,

        Plaintiffs,

v.                                                          Case No. 09-11489
                                                            Honorable Patrick J. Duggan

THE TJX COMPANIES, INC., d/b/a
T.J. MAXX

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed this lawsuit after Plaintiff Heidi M. Pizzo allegedly was injured while shopping at a T.J. Maxx store on March 31, 2008. In an amended complaint filed November 10, 2009, Plaintiffs assert negligence (Count I) and premises liability (Count II) claims against Defendant. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Presently before the Court is Defendant's motion for summary judgment, filed under Federal Rule of Civil Procedure 56 on September 22, 2011. The motion has been fully briefed. On November 7, 2011, the Honorable John Corbett O'Meara disqualified himself from the matter and it was reassigned to the undersigned. This Court held a motion hearing with respect to Defendant's motion on December 13, 2011.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

Defendant asserts three arguments in support of its summary judgment motion. First, Defendant contends that Plaintiffs lack evidence, beyond conjecture and speculation, that there was a hazardous condition on Defendant's premises or a cause-in-fact relationship between the alleged condition and Ms. Pizzo's alleged injuries.  Second,

2

Defendant argues that, even if a dangerous condition existed, it was open and obvious. Finally, Defendant contends that it did not have notice of the dangerous condition prior to the accident.

This Court has reviewed the parties' pleadings, including the deposition testimony filed in support of and in opposition to Defendant's motion, and heard counsels' arguments at the motion hearing.  Viewing that evidence in a light most favorable to Plaintiffs– as this Court must at this stage of the proceedings– the Court finds a genuine issue of material fact with respect to the issues raised by Defendant.  The Court therefore concludes that Defendant is not entitled to summary judgment.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **DENIED**

Date:  December 14, 2011                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Terry L. Cochran, Esq.
Anthony T. Pieti, Esq.
Loretta M. Ames, Esq.

3